**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 25-cv-02750-NYW-KAS

MICHAEL GROSKOPF,

      Plaintiff,

v.

UNION PACIFIC RAILROAD COMPANY,

      Defendant.

---

## ORDER

This matter is before the Court on the Unopposed Motion to Transfer Venue to the District of Wyoming (the "Motion to Transfer" or "Motion"). [Doc. 7, filed Oct. 14, 2025]. Defendant Union Pacific Railroad Company ("Defendant") asks that this case be transferred to the United States District Court for the District of Wyoming. *See* [*id.*]. Defendant represents that Plaintiff Michael Groskopf ("Plaintiff") does not oppose the Motion, *see* [*id.* at 1], and Plaintiff has not filed any response to the Motion.

The Court has reviewed the Motion, the applicable case law, and the entire docket. The Court **GRANTS** the Motion to Transfer for the reasons stated herein.

## BACKGROUND

On November 24, 2024, Plaintiff was employed by Defendant and working as a conductor "when he was injured due to defective ballast conditions and unsafe work practices." [Doc. 1 at ¶¶ 1, 8]. Plaintiff alleges that his injuries were caused by Defendant's violations of the Federal Employers Liability Act, "Federal Regulations, and safety rules and standards." [*Id.* at ¶ 8].

Plaintiff initiated this action in the United States District Court for the District of Colorado on September 3, 2025, asserting that venue was proper in this District because Defendant "was engaged in the business of owning, maintaining and operating a line and system of railroad which extended in part through Denver, Colorado and plaintiff has been treating in Colorado for his injuries due to this incident." [*Id.* at ¶ 6]. On October 14, 2025, Defendant filed the Motion to Transfer, asking this Court to transfer the action to the District of Wyoming. [Doc. 7].

## LEGAL STANDARD

Venue serves to ensure that lawsuits are filed in an appropriate and convenient court both for the matters raised and for the parties involved. *See Leroy v. Great W. United Corp.*, 443 U.S. 173, 185 (1979). Under 28 U.S.C. § 1631, when a

> court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631.

Although § 1631 uses the word "shall," the United States Court of Appeals for the Tenth Circuit has "interpreted the phrase 'if it is in the interest of justice' to grant the district court discretion in making a decision to transfer an action or instead to dismiss the action without prejudice.'" *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (quoting *Trujillo v. Williams*, 465 F.3d 1210, 1222–23 (10th Cir. 2006)). To decide whether transfer is in the interest of justice, courts consider (1) "whether the claims would be time barred if filed anew in the proper forum," (2) "whether the claims alleged are likely to have merit," and (3) "whether the claims were filed in good faith or if, on the other hand, it was clear at the

time of filing that the court lacked the requisite jurisdiction." *Id.*

## ANALYSIS

Defendant argues first that transfer is appropriate under § 1631 because this Court lacks personal jurisdiction over it. [Doc. 7 at 7–10]. Plaintiff has not contested Defendant's argument about personal jurisdiction and has thus not met his burden to demonstrate the Court's personal jurisdiction over Defendant. Moreover, the Court agrees with Defendant that the Complaint does not contain sufficient factual allegations from which this Court could conclude that it has personal jurisdiction over Defendant; indeed, the Complaint does not address personal jurisdiction at all. *See* [Doc. 1]; *see also Daimler AG v. Bauman*, 571 U.S. 117, 127, 137 (2014) (setting out requirements for general and specific personal jurisdiction over a defendant).

If a court "determines that it lacks jurisdiction and the interests of justice require transfer rather than dismissal, the correct course is to transfer the action pursuant to § 1631." *Trujillo*, 465 F.3d at 1223 (cleaned up). Section 1631 only permits transfer to a court "in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. This means that the transferor court must "satisfy itself that the proposed transferee court has personal jurisdiction over the parties." *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 793 n.16 (10th Cir. 1998). In its Motion, Defendant "admits that the District of Wyoming has specific jurisdiction over [it] with regard to this matter." [Doc. 7 at 9].[1] The Court also concludes that venue is appropriate in the District of Wyoming.

---

[1] As for Plaintiff, it is well-settled that a plaintiff consents to a court's jurisdiction by filing a lawsuit in that court. *Myzer v. Bush*, 750 F. App'x 644, 648 (10th Cir. 2018). Therefore, the Court need not conduct a traditional personal jurisdiction analysis with respect to Plaintiff's contacts in Wyoming to determine that this lawsuit could have been brought in Wyoming.

*See* 28 U.S.C. § 1391(b)(2) (venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred"); *see also* [Doc. 7-1 at 1 (Plaintiff's "Report of Personal Injury or Occupational Illness" reporting that the alleged injury occurred in Wyoming)].

The Court must also find that transfer would be in the interest of justice. *Trujillo*, 465 F.3d at 1223. The Court has considered the factors identified in *In re Cline* and finds that transfer to the District of Wyoming is in the interest of justice. No Party argues that Plaintiff's claims lack merit or were filed in bad faith, and because the Parties agree that this case should be transferred, the Court finds it in the interest of justice to transfer the case so that this case may be litigated on the merits in an appropriate forum. Moreover, the Court is mindful that "[n]ormally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is 'time-consuming and justice-defeating.'" *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962)).

For all of these reasons, the Court finds that transferring this case to the District of Wyoming is appropriate. The Motion to Transfer is **GRANTED**.

**CONCLUSION**

For the reasons set forth above, **IT IS ORDERED** that:

(1)    The Unopposed Motion to Transfer Venue to the District of Wyoming [Doc. 7] is **GRANTED**; and

(2)    The Clerk of Court shall **TRANSFER** this case to the United States District

Court for the District of Wyoming.


DATED:  December 2, 2025                    BY THE COURT:

                                           _____
                                           Nina Y. Wang
                                           United States District Judge